**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| KULJINDER SINGH, | No. 13-71815 |
| Petitioner, | Agency No. A095-605-299 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 21, 2014[**]
San Francisco, California

Before: GOULD and WATFORD, Circuit Judges, and OLIVER, Chief District
Judge.[***]

---

  [*]   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**]   The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

  [***]   The Honorable Solomon Oliver, Jr., Chief District Judge for the U.S.
District Court for the Northern District of Ohio, sitting by designation.

Kuljinder Singh ("Singh"), a native and citizen of India, petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Singh maintains that he faced persecution from police in Punjab, India due to his religion and political opinion, and that he has a well-founded fear of future persecution if he is removed to India.[1] We have jurisdiction under 8 U.S.C. § 1252(a). We deny the petition.

## I

Substantial evidence supports the BIA's determination that, while Singh established past persecution, the Department of Homeland Security ("DHS") rebutted the presumption of a well-founded fear of future persecution by demonstrating that Singh could safely relocate within India and that it would be reasonable to require him to do so. The DHS presented evidence indicating that the human-rights status of Sikhs in India, and particularly in Punjab, had greatly improved. Further, the DHS provided documentation stating "that there is 'no reason to believe that someone who has or has had problems in Punjab would not be able to reside elsewhere in India.'" The DHS also demonstrated that, despite Singh's concerns, the tenant-verification

---

[1] The parties are familiar with the facts of this case, so we will not recount them here, except as necessary to explain our decision.

system used locally in India is utilized to track criminals and terrorists, like Muslim extremists, but not Sikhs.

The BIA considered the Immigration Judge's ("IJ") use of reports and documentation regarding Punjab and India as a whole to compare and contrast the treatment of Sikhs inside and outside of the area where Singh faced persecution. It also reviewed and agreed with the IJ's individualized analysis of Singh's particular situation, where the IJ found that Singh was only marginally involved in the pro-Khalistan political movement and was targeted in relation to his brother. His brother is now missing, making it unlikely that he would be targeted in the future. As a result, the IJ and the BIA concluded that Singh could safely relocate outside of Punjab, which is sufficiently specific. *See, e.g.*, *Knezevic v. Ashcroft*, 367 F.3d 1206, 1214 (9th Cir. 2004) (finding that a petitioner could relocate to forty-nine percent of a country).

Substantial evidence also supported the BIA's determination that it would be reasonable to require Singh to relocate outside of Punjab. The BIA reviewed and concurred with the IJ's reasoning, which relied in part on Singh's relative youth and the lack of evidence to suggest that it would be difficult for him to obtain housing or employment outside of Punjab. Furthermore, the IJ considered the fact that Singh lived in New Delhi for three months without incident before he left the country. *See, e.g.*, *Gonzalez-Hernandez v. Ashcroft*, 336 F.3d 995, 999 (9th Cir. 2003) (affirming

BIA's determination that petitioner could safely and reasonably relocate based on his prior relocation within his home country for several months without incident).

The record as a whole does not compel the conclusion that the BIA erred when it determined that Singh was not eligible for asylum. The BIA's conclusions were supported by reasonable, substantial, and probative evidence. Therefore, the evidence does not compel a contrary result. Furthermore, as Singh did not satisfy the requirements for asylum, it necessarily follows that Singh does not qualify for the withholding of removal. *Ghaly v. I.N.S.*, 58 F.3d 1425, 1429 (9th Cir. 1995).

## II

Because substantial evidence supports the conclusion that Singh could safely and reasonably relocate within India to avoid persecution, Singh has not shown that he will more likely than not be tortured if he is removed to India. *See* 8 C.F.R. § 1208.16(c)(2). As a result, Singh is not eligible for protection under CAT.

**PETITION DENIED.**